THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE RACKLIFF,

        Plaintiff,

   v.

KING COUNTY SUPERIOR COURT, *et al.*,

        Defendants.

CASE NO. C19-0106-JCC

ORDER

This matter comes before the Court *sua sponte*. On January 24, 2019, United States Magistrate Judge Brian Tsuchida granted Plaintiff's motion to proceed *in forma pauperis* and recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 2.) After conducting a § 1915 review, the Court directed Plaintiff to file an amended complaint, but he has failed to do so. (*See* Dkt. No. 5.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a claim. *Vasquez*

*v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal is appropriate if a complaint fails to put forth "a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff's complaint does not contain grounds showing that he is entitled to relief. (*See* Dkt. No. 3.) Plaintiff names King County Superior Court and King County Superior Court Judge Julie Spector as Defendants in his complaint. (*Id.* at 2.) He alleges that Judge Spector and other King County Superior Court judges have given him "numerous issues" with his recent cases, including "[n]eglect, [d]uress, [p]rejudice." (*Id.* at 7.) His complaint appears to allege that one judge forced him to dismiss his case and Judge Spector made some sort of date selection difficult for Plaintiff. (*Id.*) He also alleges that he has been falsely arrested, accused, charged, and detained. (*Id.* at 8.)

It is well established that judges are absolutely immune from liability for acts "done by them in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). As the Ninth Circuit has reiterated, a judge remains immune from suit even if the action she took was in error, done maliciously, or in excess of her authority. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). The exception, of course, is that judicial immunity does not extend to acts taken in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Plaintiff's claims against Judge Spector are barred by judicial immunity. All of the actions Plaintiff alleges that Judge Spector took were in the exercise of her judicial function, and Plaintiff does not allege that Judge Spector took action in the clear absence of all jurisdiction. (*See* Dkt. No. 3.) Therefore, as pled, Plaintiff's claims against Judge Spector are not cognizable.

Additionally, Plaintiff's claims against Defendant King County Superior Court as an entity (and its employees) are barred by the Eleventh Amendment. As the Ninth Circuit has explained, "[f]ederal courts are without jurisdiction to entertain suits seeking civil damages against a state." *Prod. & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 21 (9th Cir.

1983) (per curiam). Applying that rule to county courts, the Ninth Circuit has further explained that such courts are "arms of the state for Eleventh Amendment purposes." *See Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Penry v. Thurston Cty.*, 89 F. App'x 619, 620 (9th Cir. 2004) ("The Thurston County [Washington] Superior Court is entitled to Eleventh Amendment immunity as an arm of the state."). Because the King County Superior Court is an arm of the state, Plaintiff's claims against King County Superior Court are not cognizable.

Even applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, Plaintiff failed to file an amended complaint after being given an opportunity by the Court.[1] (Dkt. No. 5.) For those reasons, the Court DISMISSES Plaintiff's complaint with prejudice.[2] Plaintiff's motion to appoint counsel (Dkt. No. 4) is DENIED as moot.

DATED this 5th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed a letter with the Court that contains unintelligible complaints. (Dkt. No. 6.) Even if the Court construed this document as an amended complaint, it fails to address the deficiencies identified in the Court's previous order. (*See* Dkt. No. 5.)

[2] Dismissal with prejudice is appropriate here because Plaintiff's claims are barred by judicial immunity and the Eleventh Amendment.